UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LORENZO BRELAND | CIVIL ACTION |
| VERSUS | NO. 15-2258 |
| ARENA FOOTBALL ONE, LLC., ET AL | SECTION "L" |

**ORDER & REASONS**

Before the Court is a Motion to Dismiss pursuant to 12(b)(6) filed by Defendant National Casualty Company seeking to dismiss the cross-claims of Defendant Arena Football One. (R. Doc. 69). For the following reasons, the motion is hereby denied.

I.  BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Lorenzo Breland while he was employed as a professional arena football player. Jurisdiction of this Court is invoked under diversity. (R. Doc. 44 at 1). Plaintiff alleges misrepresentation, fraud, negligence, and breach of contract against Defendants, Arena Football One, L.L.C. ("AFO"), which owns Arena Football League One, LLC ("AFLO"), and Louisiana Arena Football, L.L.C. ("LAF"), which owns the New Orleans Voodoo franchise. Plaintiff has also filed claims against AFO's insurers, including National Casualty Company ("National") and Federal Insurance Company ("Federal"),[1] averring that they provided a commercial general liability policy to AFO, AFLO, and LAF. (R. Doc. 53 at 3).[2]

---

[1] Plaintiffs' claims against Federal were dismissed by this Court on November 18, 2016. (R. Doc. 73).
[2] Plaintiff has filed various amended complaints. (R. Docs. 1, 29, 44, 53). The third amended complaint (R. Doc. 53) was filed to amend the second amended complaint (R. Doc. 44) to remove defendant Everest National Insurance Company and add National Casualty Company and Federal Insurance Company. All other allegations in the second amended complaint were adopted *in extenso*. Accordingly, this Order will rely on both the second and third amended complaints to determine Plaintiff's claims. Defendant AFO filed answers to each complaint. (R. Docs. 6, 31, 45, 56).

Plaintiff alleges he initially sustained a concussion while playing for the Tulsa Talons in 2011, which is part of the AFO league. (R. Doc. 44 at 12). After the team doctor diagnosed Plaintiff, he alleges the team encouraged him to return and he started the following game. *Id*. at 12. Subsequently, he played for the New Orleans Voodoo. Plaintiff alleges that he sustained a severe blow to the head during a game on April 11, 2014, which caused a second concussion. (R. Doc. 44 at 12). Plaintiff claims that, after the 2014 concussion, he received inadequate medical attention and care and was pressured to return to playing football before he was fully rehabilitated. *Id*. at 12. He avers that, after complaining to the coach about his continued health problems, he was sent to a speech pathologist. *Id*. Plaintiff alleges that this head injury caused him to remain bedridden for six weeks, and that he was ultimately suspended from the league and cut from the LAF team. *Id*. at 12-13. Plaintiff avers the 2014 concussion ended his career, and Defendants did not pay for his ongoing medical care or rehabilitation to allow him to return to play in a healthy manner. *Id*. at 13. Plaintiff states that he continues to suffer long-term problems, including dizziness, memory loss, headaches, weight loss, neck aches and fatigue, and that he faces an increased risk for future disorders as a result of the injuries. *Id*. at 13, 16.

Plaintiff seeks damages, past and future medical expenses related to the concussions, and medical monitoring to facilitate the diagnosis and treatment of future disorders caused by the injuries. *Id*. at 17. Plaintiff asserts that AFO knew of the potential risks associated with head trauma but intentionally concealed them. *Id*. at 13-14; 18. Further, AFO fostered an environment of brutality and violence and ignored the wellbeing of its players for the sake of profit. *Id*. at 14. Plaintiff further alleges that Defendants breached their duties by failing to take appropriate steps to prevent or mitigate the potential for injury, avoiding such steps due to the expense and impact on league profitability. (R. Doc. 29 at 22). Plaintiff claims that Defendants falsely represented to

him that he would receive excellent medical care, which they failed to provide. *Id*. at 13. Plaintiff alleges that the league players' collective bargaining agreement created an obligation that the Defendants pay all medical expenses resulting from any injury sustained while playing in a game, but that Defendants have acted in bad faith and refused to pay any expenses incurred as a result of Plaintiff's 2014 concussion. *Id*. at 26.

Specifically, Plaintiff seeks (1) Declaratory Relief under 28 USC §2201 stating that Defendants knew or should have known about the long-term effects of trauma to the head that Plaintiff endured while playing for AFO, had a duty to advise Plaintiff of that risk but instead willfully and intentionally concealed the risk, and recklessly endangered Plaintiff; (2) an injunction for Court-supervised and Defendant-funded medical monitoring for long-term neurological affects as a result of Plaintiffs' minor traumatic brain injuries ("MTBI"), which was a result of Defendants' tortious conduct; (3) compensatory damages for past, current, and future medical care; (4) compensatory damages for pain and suffering; (5) punitive damages; (6) any other relief; (7) attorneys' fees; (8) and injunction and/or equitable relief against National, holding that the insurance policy provided coverage for Plaintiffs' injuries and claims and holding National in bad faith under La. R.S. §§22:1892 and 22:1973. (R. Doc. 44 at 14-28). Specifically to 8, Plaintiff seeks all forms of insurance penalties, bad faith damages, general damages, and attorneys' fees permitted under the aforementioned statutes if National declines coverage. (R. Doc. 53 at 3).

Plaintiff's original Complaint had stated that he was an employee of AFO and the New Orleans Voodoo, and that he was employed by AFO from 2010 to 2014. (R. Doc. 1 at 11-12). Plaintiff added Defendant LAF to the suit after discovering that LAF owned the New Orleans Voodoo during the time period relevant to Plaintiff's injuries. (R. Doc. 16 at 1). Plaintiff

submitted that he had mistakenly claimed in the Complaint that he was employed by AFO, when in fact he was never employed by AFO. (R. Doc. 16-1 at 2).

## II.     PRESENT MOTION

National files the instant Motion to Dismiss the Cross-Claim filed by AFO, arguing AFO's claims against NAC for insurance coverage under the Commercial General Liability Policy ("CGL Policy") or attorney fees are contrary to law and/or contractual provisions. (R. Doc. 69-1). AFO opposes the motion. (R. Doc. 74). With leave of the Court, National filed a reply.  (R. Doc. 80).

### A.  National's Arguments

National avers that the policies under which AFO seeks coverage only cover damages AFO is legally obligated to pay, which does not include the instant suit because Plaintiff's asserted claims are prescribed for the 2011 concussion, and the 2014 concussion is excluded under the Concussion and participant Exclusions of the policy. *Id*. at 1-2.

Specifically, National argues that Plaintiff does not allege any improper treatment or unpaid medical bill for the 2011 concussion. *Id*. at 2. Additionally, National avers the suit was not brought within one-year the prescriptive period of the 2011 concussion. *Id*. at 2, 8; La. C.C. Arts. 3447, 3492. Accordingly the claim is prescribed, AFO is not legally obligated to pay, and National does not cover such claim. Plaintiff does plead various tort and contract causes of action for the 2014 concussion, however National argues the CGL policy in effect at that time specifically excluded coverage for concussions and brain injuries arising out of playing football. *Id*. at 11-17. National further claims that any claims under the two policies covering 10/1/2011-10/1/2013 should be dismissed because Plaintiff does not claim any injury that occurred during

4

those dates. *Id*. 10. Accordingly, National argues that none of the CGL policies cover Plaintiff's claims against AFO.

Regarding Plaintiff's breach of contract claim, National avers that its liability to AFO is not triggered because it is only liable for sums AFO is legally obligated to pay. *Id*. at 1. Under Fifth Circuit law, AFO is only legally obligated to pay for its tortious conduct. *Data Specialties, Inc. v. Transcontinental Ins. Co.*, 125 F.3d 909 (5th Cir. 1997). Accordingly, National argues the breach of contract claim is not tenable.

### A. AFO's Arguments

AFO opposes National's motion. (R. Doc. 74). AFO argues there is no dispute that Plaintiff asserted claims for bodily injury and employee benefits, and argue National's policies cover AFO for such liability. *Id*. at 2. AFO asserts that along with indemnifying AFO for damages it becomes legally obligated to pay, the CGL Policy contains language requiring National to indemnify and defend AFO for claims that AFO negligently administered its employee benefits program. *Id*. Citing to this Court's prior ruling rejecting AFO's motion for judgment on the pleadings, AFO argues that Plaintiff has met his pleading threshold and National's arguments that AFO's cross-claim should be dismissed because of Plaintiff's failure to properly plead should be denied. *Id*.; (R. Doc. 30). Accordingly, AFO argues that in order for National to prevail on their motion, they must prove that all four of their CGL Policies clearly exclude coverage to AFO in cases such as this one. (R. Doc. 74 at 2). Because they do not, AFO argues, the motion must be dismissed.

### B. Law & Analysis

#### i. Motion to Dismiss Standard

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A district court must construe facts in the light most favorable to the nonmoving party. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009). The court must accept as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation et al. v. William Twombly,* 550 U.S. 544, 570 (2007). A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).

#### ii. Application

This Court previously determined that Plaintiff satisfied the standard to survive a Rule 12(c) motion for judgment on the pleadings, finding that the complaint stated a claim that was "plausible on its face." *Twombly*, 550 U.S. at 570; (R. Doc. 30). The standard for a motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Accordingly, National's

arguments that rely on the assertion that Plaintiff failed to satisfy the pleadings standards are denied.

Further, this Court finds that genuine issues of contract and CGL Policy interpretation exist. Specifically, genuine issues remain regarding the interpretation of the Employee Benefits Liability coverage, the exclusionary language relating to brain and bodily injuries, and the participant exclusion. Further, there is genuine disagreement regarding the prescriptive period and the proper determination of Plaintiff's injuries, specifically whether they were two distinct events or continuous injuries over a four-year period. While the exclusions and policy provisions of the CGL Policy may ultimately preclude Plaintiff's recovery, they do not do so unambiguously, but instead present genuine issues of material fact as to their interpretation.

Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Plaintiff has not failed to do so here, and dismissal is accordingly inappropriate at this time.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that National's Motion to Dismiss the Cross-Claim (R. Doc. 69) is **DENIED.**

New Orleans, Louisiana, this 22nd day of December, 2016.

_____
UNITED STATES DISTRICT JUDGE